IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SPENCER LARIMORE, an individual<br><br>Plaintiff,<br><br>v.<br><br>HEISS INVESTMENTS, LLC, a limited liability company<br><br>Defendant. | Case No.  1:23-cv-00086-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

# I.   INTRODUCTION

Before the Court is Defendant Heiss Investments, LLC's ("Heiss") Motion to Dismiss Plaintiff Spencer Larimore's Complaint. Dkt. 7. Larimore filed a Response to the Motion (Dkt. 10), and Heiss replied (Dkt. 13). The matter is now ripe for the Court's consideration. Having reviewed the record and the briefs, the Court finds that the facts and legal arguments are adequately presented, and that the decisional process would not be significantly aided by oral argument. Accordingly, the Court will rule on the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court GRANTS the Motion.

# II.   BACKGROUND

**A. Factual Background**

Plaintiff Spencer Larimore is a disabled individual and uses a wheelchair for mobility purposes. Larimore describes himself as "an independent advocate of the rights of similarly situated disabled persons." Dkt. 1, at 2. His advocacy involves, in part, visiting

places of public accommodation to determine whether those places comply with the accessibility requirements of the Americans with Disabilities Act (the "ADA"). If Larimore believes that a particular establishment is not ADA compliant, he sues for injunctive relief.[1]

Larimore alleges that, in July 2022, he attempted to patronize a property owned by Heiss, but that multiple "physical barriers, dangerous conditions and ADA violations" prevented his "full and equal enjoyment of the [property]." *Id.* at 3, 7. As a result of this visit, Larimore initiated the present suit.

### B. Procedural Background

Larimore filed his Complaint on February 28, 2023. Dkt. 1. On the same day, he requested leave to proceed *in forma pauperis*. The Court denied Larimore's request on June 13, 2023, and ordered that he pay the filing fee within ninety days. Dkt. 5, at 4. Larimore paid the filing fee on September 8, 2023, and served Heiss on September 19, 2023. Shortly thereafter, Heiss moved to dismiss Larimore's complaint, arguing that Larimore's service was untimely and that he lacks standing to bring the present suit. *See* Dkt. 7-1.

### III.   LEGAL STANDARDS

#### A. Timely Service

Pursuant to Federal Rule of Civil Procedure 4(m), plaintiffs in federal court must serve defendants within ninety (90) days of filing a complaint. Fed. R. Civ. P. 4(m). If timely service is not made, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* However, "if the

---

[1] In addition to the present suit, Larimore currently has three other ADA suits before the Court.

MEMORANDUM DECISION AND ORDER 2

plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

A party who has not been served in accordance with Rule 4(m) may invoke Rule 12(b)(2) and/or 12(b)(5) in support of a motion to dismiss. Fed. R. Civ. P. 12(b)(2), (5). Under Rule 12(b)(2), a court lacks personal jurisdiction over a defendant who has not been served as required by Rule 4(m), and under Rule 12(b)(5), untimely service constitutes insufficient service. *Id.* Acknowledging the overlap between the two 12(b) rules, the Court has stated that the rules "often work hand in hand." *Olsen v. City of Boise, Idaho*, 2022 WL 137976, at *3 (D. Idaho Jan. 13, 2022). Which of the two rules a party chooses to raise in a motion to dismiss is of little importance. *Mendoza-Jimenes v. Bonneville Cnty.*, 2018 WL 3745818, at *3 (D. Idaho Aug. 7, 2018). "The only strict requirement at issue here is the fundamental tenet of the Federal Rules of Civil Procedure that certain defenses under Rule 12 must be raised at the first available opportunity or, if they are not, they are forever waived." *Id.* (cleaned up).

In the Ninth Circuit, a motion to dismiss based on a plaintiff's untimely service requires a two-step analysis: "First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (cleaned up). With respect to the first step, the Ninth Circuit has noted that showing "good cause" means showing at least "excusable neglect," and that, to establish good cause, a plaintiff may also be required to show "(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no

MEMORANDUM DECISION AND ORDER 3

prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991) (citing *Hart v. United States*, 817 F.2d 78, 80–81 (9th Cir. 1987).

The Ninth Circuit has declined to "articulate a specific test that a court must apply in exercising its discretion" under the second step of the Rule 4(m) analysis. *Sheehan*, 253 F.3d at 513. However, it has noted that if a plaintiff cannot establish good cause, the district court has broad discretion regarding how to proceed. *Id.*[2] If, in exercising that discretion, a court declines to extend the period for the service of process, it must dismiss the complaint without prejudice. *See U.S. v. 2,164 Watches, More or Less Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 772 (9th Cir. 2004).

### B. Standing

To bring a suit in federal court, a plaintiff must have standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (referring to the standing requirement as an "irreducible constitutional minimum"). Standing has three requirements. *Id.* "First, the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Id.* (cleaned

---

[2] In the context of a motion to dismiss under Rule 4(m), the Ninth Circuit has sometimes discussed "good cause" and "excusable neglect" as if they were two separate standards, but there is no clear difference in its analyses under the two standards. *Compare Sheehan*, 253 F.3d, at 512 (stating that, in evaluating good cause, courts may look to whether the defendant had actual notice of the suit, whether an extension would prejudice the defendant, and whether dismissal would severely prejudice the plaintiff) *with Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (stating that, in exercising discretion under the excusable neglect standard, courts should consider likely prejudice to the parties, whether defendant had actual notice of the lawsuit, whether service was ever actually completed, and the length of the delay in service). Thus, the Court views these standards as essentially the same, with the bar for excusable neglect perhaps being slightly lower than the bar for good cause.

MEMORANDUM DECISION AND ORDER 4

up). Next, "there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant." *Id.* (cleaned up). Finally, it must be likely, and not merely speculative, that a favorable decision would redress the injury. *Id.* at 561. "The party asserting federal jurisdiction bears the burden of establishing these requirements at every stage of the litigation . . . ." *Krottner v. Starbucks Corp*, 628 F.3d 1139, 1141 (9th Cir. 2010).

In the Ninth Circuit, dismissal of a complaint without leave to amend is inappropriate unless it is beyond doubt that the complaint could not be saved by an amendment. *See Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).

## IV.   ANALYSIS

The Court will begin with an analysis of Heiss's timely service argument, then address Heiss's assertion that Larimore lacks standing.

**A. Timely Service**

As discussed above, in evaluating the timeliness of service, the first question the Court must answer is whether Larimore's service of Heiss complied with Rule 4(m). If it did not, under *Sheehan*, the Court must next determine whether Larimore has shown good cause for his failure. Where good cause exists, the court must extend the service window. *Sheehan*, 253 F.3d at 512. If Larimore fails to show good cause, then the Court may exercise its discretion to either extend the service window or dismiss without prejudice. *Id.*

   *1. Compliance with Rule 4(m)*

The parties agree that Larimore filed his suit on February 28, 2023, and served Heiss on September 19, 2023. Dkt. 7-1, at 6; Dkt. 10, at 1. Ninety days from February 28, 2023,

MEMORANDUM DECISION AND ORDER 5

was May 29, 2023—meaning that, under this deadline, Larimore's service was 113 days late. However, as the Court has already noted, with his Complaint, Larimore applied for leave to proceed *in forma pauperis*. Dkt. 2. This request was pending until June 13, 2023, when it was denied by the Court. Dkt. 5. With Heiss, the Court notes that the Ninth Circuit has not clearly stated whether service deadlines should be tolled pending review of a party's request to proceed *in forma pauperis*, though the Court has traditionally been amenable to the idea, at least in dealing with pro se plaintiffs. *See Butler v. Nat'l Cmt. Renaissance of California*, 766 F.3d 1191, 1204 n.8 (9th Cir. 2014); *Lequieu v. United States Post Off. – Bonners Ferry*, 2018 WL 6068997 (D. Idaho Nov. 20, 2018). Nevertheless, even tolling the ninety-day period until after the Court had denied Larimore's request to proceed *in forma pauperis*, Larimore still missed his deadline by more than a week.[3]

Larimore contends that his service on Heiss was timely because on September 11, 2023, pursuant to Rule 4(m), the Court issued an order extending his service deadline to October 2, 2023. Dkt. 10, at 1–2. Unfortunately for Larimore, the Court did no such thing. The document Larimore received on September 11, 2023, was a *summons* issued by the Clerk of the Court. Dkt. 6.[4] The purpose of the summons was to apprise Heiss that a lawsuit had been filed, listing it as a defendant, and that Heiss had until October 2, 2023, to *respond* to Larimore's Complaint. It had nothing to do with extending Larimore's deadline. On its

---

[3] Under the tolling approach, Larimore's deadline would have been September 11, 2023.

[4] Like all summonses the Court issues, this summons was processed as a matter of course once the Court received Larimore's filing fee. As the Court's internal financial reports outline, Larimore paid the requisite filing fee on Friday, September 8, 2023, and the Court issued summons to Heiss the following Monday, September 11, 2023. Dkt. 6

MEMORANDUM DECISION AND ORDER 6

face, the summons makes that clear. *See id.* Thus, Larimore's service on Heiss did not fall within the window established by Rule 4(m).

### 2. Good Cause

The Court looks next to the factors from *Boudette* to determine whether, despite his untimely service, Larimore has shown good cause to receive an extension. Larimore has not shown that Heiss had actual notice of this lawsuit prior to being served, nor has Larimore shown that he would be prejudiced by a dismissal. While granting an extension would not likely prejudice Heiss, these three factors, on balance, weigh against a finding of good cause.

The Court also notes that the Ninth Circuit has been stricter with the requirements of Rule 4 when a plaintiff is represented by counsel. *See Hart v. United States*, 817 F.2d 79, 81 (9th Cir. 1987); *Wei v. Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985). In *Wei*, the Ninth Circuit held that the inadvertence of counsel does *not* constitute good cause, partly because the very reason the rules impose a service deadline is to force attorneys to be conscientious. *Wei*, 763 F.2d at 372. In *Hart*, the Court reiterated this position, refusing to indulge an attorney's failure to serve where he had offered no reasonable excuse for his error. *Hart*, 817 F.2d at 81. Here, Larimore is represented by counsel and his counsel's failure to understand the purpose and function of a summons is subject to the stricter standard described in *Wei* and *Hart*. Considering this standard and the factors from *Boudette*, the Court finds that Larimore has not shown good cause for his defective service.

### 3. Excusable Neglect

"The determination of whether neglect is excusable is at bottom an equitable one,

MEMORANDUM DECISION AND ORDER 7

taking account of all relevant circumstances surrounding the party's omission." *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (cleaned up). In *Efaw*, the Ninth Circuit recommended that district courts consider "factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." 473 F.3d at 1041.

Here, Larimore has not shown that any statute of limitations is looming, and as already mentioned, he has not shown that Heiss had actual notice of the lawsuit before service. There is also no indication that Heiss evaded service or otherwise made service difficult. Instead, it appears that Larimore simply missed his deadline. Heiss *was* eventually served, and as already noted, it likely does not face significant prejudice from an extension of the service period, but the Court is not convinced these facts are sufficient to excuse Larimore's neglect. Larimore is an experienced litigant. He knows, or at least he should know, the requirements of Rule 4(m). He is familiar, or at least he should be familiar, with summons like the one he claims caused his mix-up. With all of these facts in mind, the Court declines to find that Larimore's failure to timely serve Heiss constitutes excusable neglect. Accordingly, the Court will Dismiss this case WITHOUT PREJUDICE.

**B. Standing**

Recognizing the reasonable likelihood that Larimore will re-file his complaint against Heiss, the Court deems it prudent to address Heiss's standing arguments now, instead of waiting for Heiss to raise them again in a subsequent proceeding.

As mentioned above, to show standing, a plaintiff must "demonstrate that he has suffered an injury-in-fact, that the injury is traceable to the [defendant's] actions, and that the injury can be redressed by a favorable decision." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631

MEMORANDUM DECISION AND ORDER 8

F.3d 939, 946 (9th Cir. 2011); *see also Lujan*, 504 U.S. at 560–62. To establish an injury-in-fact, a plaintiff bringing an ADA discrimination claim must show "he encounter[ed] a barrier at a place of public accommodation that deprive[d] him of full and equal enjoyment of the facility due to his particular disability." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 907 (9th Cir. 2011) (cleaned up). The Ninth Circuit has elaborated that establishing an injury-in-fact requires a plaintiff to describe the alleged barriers with specificity *and* connect those barriers to the plaintiff's disability. *Chapman*, 631 F.3d at 954; *see also Kohler v. Bed Bath & Beyond of California, LLC*, 2012 WL 2449928, at *5 (C.D. Cal. June 27, 2012) (stating that an ADA plaintiff must "identify the nexus between the alleged ADA-noncompliant barrier and the plaintiff's disability status").

In *Chapman*, the plaintiff alleged that he encountered architectural barriers at a Pier 1 Imports that, because of his disabilities, denied him full and equal access to the store. 631 F.3d at 943. However, in his complaint, the plaintiff simply listed barriers that he perceived to be ADA violations, "without connecting the alleged violations to [his] disability." *Id.* at 954. This approach was deemed "jurisdictionally defective," because it left the court guessing as to how the listed barriers personally impacted the plaintiff. *Id.* at 954–55.

In Larimore's complaint, he states that he uses a wheelchair, then he lists fifteen separate ways in which he believes the Heiss property violates the ADA. Dkt. 1, at 2, 8–12. The alleged violations include lack of accessible parking, lack of an accessible route from the public sidewalk, and inadequate signage. *Id.* at 8–9. Larimore states flatly that these violations "made it dangerous" for him to utilize the property and denied him access equal to that of Heiss's able-bodied patrons. *Id.* at 8–12. However, these allegations of danger and

MEMORANDUM DECISION AND ORDER 9

unequal access, without more, do not rise to the level of specificity required by *Chapman*. Under *Chapman*, Larimore is required to connect the alleged violations to his disability. *Chapman*, 631 F.3d at 955. This would mean, at very least, explaining the dangers that a lack of accessible parking or inadequate signage pose to someone in a wheelchair. Instead, like the plaintiff in *Chapman*, Larimore leaves the Court to guess at how the alleged violations impacted his beneficial use of the premises. While it is true that courts should interpret civil rights complaints generously, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Id.* at 954 (cleaned up).

Because Larimore did not identify the nexus between Heiss's alleged violations and his own disability, his Complaint is jurisdictionally defective. If not for the service issues discussed above, the Court would grant Larimore leave to amend his Complaint to add the necessary specificity. *See Harris*, 573 F.3d at 737. However, because this case will be dismissed without prejudice, the Court simply notes that, should Larimore choose to re-file this suit, he should revamp his Complaint in a manner consistent with the foregoing discussion.

## V. CONCLUSION

Larimore did not serve Heiss within the period prescribed by Rule 4(m) and he has not shown good cause or excusable neglect for his failure. Accordingly, this case is DISMISSED WITHOUT PREJUDICE. Further, in its current form, Larimore's Complaint lacks the specificity necessary to establish an injury-in-fact. Thus, if Larimore wishes to re-file, he would do well to supplement the Complaint, adding the level of detail required by *Chapman*.

## VI. ORDER

Now, therefore, **IT IS HEREBY ORDERED**:

1. This case is **DISMISSED WITHOUT PREJUDICE**;

2. The Court will issue a separate judgment in accordance with Fed. R. Civ. P. 58;

3. This case is **CLOSED**.

DATED: March 5, 2024

David C. Nye
Chief U.S. District Court Judge